IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

```
                                )
MOLLIE M. KLINGMAN,             )
                                )
     Plaintiff,                 )
                                )
     vs.                        )   Civ. No. 16-00399 ACK-RLP
                                )
THE COUNTY OF MAUI, MAUI        )
POLICE DEPARTMENT;              )
JOHN DOES 1-10; JOHN DOE        )
CORPORATIONS 1-10; JOHN DOE     )
PARTNERSHIPS 1-10; AND JOHN     )
DOE GOVERNMENT ENTITIES 1-10    )
                                )
     Defendants.                )
                                )
```

ORDER GRANTING DEFENDANT COUNTY OF MAUI, MAUI POLICE
DEPARTMENT'S MOTION TO DISMISS COMPLAINT FILED ON JULY 20, 2016

For the reasons set forth below, the Court GRANTS

Defendant County of Maui, Maui Police Department's Motion to

Dismiss Complaint Filed on July 20, 2016, ECF No. 8, with leave

to amend.

FACTUAL BACKGROUND

Plaintiff Mollie Klingman ("Plaintiff") began working

for the Maui Police Department in 1987.  Compl. ¶ 11, ECF No. 1.

In 2011, Plaintiff was promoted to Captain and assigned as

"Support Services Bureau - Technical Services Captain."  Id.

¶ 12.  While in this role, Plaintiff was assigned to be the

Acting Assistant Chief/Inspector of Support Services Bureau over

25 times allowing her to become "very experienced at running the Support Services Bureau." Id. ¶¶ 12-13.

In February of 2013, Plaintiff "transferred to a position as Lahaina District Commander." Id. ¶ 14.  In 2013, Plaintiff also applied for the position of Police Inspector, but was not selected.  Id. ¶ 15.  Plaintiff was informed by the Assistant Chief of Support Services Bureau "that she should not have bothered to submit an application because the position was going to be filled by Dean Rickard (a male)." Id. ¶ 16.  Dean Rickard ("Deputy Chief Rickard") was selected for the Police Inspector position and has since been promoted to Deputy Chief of Police.  Id. ¶ 17.

On or around September 24-25, 2014, Deputy Chief Rickard informed Officer Rusty Iokia, a Maui Police Department union representative, that the next Assistant Chief would be Captain John Jakubczak ("Captain Jakubczak").  Id. ¶¶ 19-20. Captain Jakubczak "had socialized" with Chief of Police Tivoli S. Faaumu and was a classmate of Deputy Chief Rickard.  Id. ¶ 21.  Deputy Chief Rickard and Captain Jakubczak "lunched together nearly every day."  Id.

On or around November 6, 2014, Plaintiff "submitted an application for a vacant Police Inspector position (also known as Assistant Chief)." Id. ¶ 22.  The position was with the Support Services Bureau at which Plaintiff had previously been

assigned as Acting Assistant Chief/Inspector more than 25 times. Id.  Plaintiff participated in a promotion board interview for the Police Inspector/Assistant Chief position, which lasted 23 minutes.  Id.  ¶ 23.  Police Chief Faaumu and Deputy Chief Rickard were the board members.  Id.  "The interview was unstructured and informal," and Plaintiff was "asked very limited questions" regarding the open position.  Id.  ¶ 24.

The vacant Police Inspector position was given to Captain Jakubczak, "a less experienced and less qualified male" who also had "less seniority" than Plaintiff.  Id. ¶ 25. Plaintiff requested a meeting with Chief Faaumu regarding the promotion process, which Deputy Chief Rickard also attended. Id. ¶ 26.  At the meeting, Deputy Chief Rickard "became very confrontational" with Plaintiff.  Id.

## PROCEDURAL BACKGROUND

On July 20, 2016, Plaintiff filed her Complaint against the County of Maui, Maui Police Department ("Defendant").  The Complaint raises four counts against Defendant:  Count I-Title VII Sex Discrimination; Count II-Violation of the Hawaii Constitution, Article XVI; Count III-Negligent Infliction of Emotional Distress ("NIED"); and Count IV-Intentional Infliction of Emotional Distress ("IIED"). Compl. ¶¶ 28-48.

On August 25, 2016, Defendant filed a Motion to
Dismiss Complaint Filed on July 20, 2016 ("Motion to Dismiss").
ECF No. 8.  On November 7, 2016, Plaintiff filed her Memorandum
in Opposition to Defendant County of Maui Police Department's
Motion to Dismiss Complaint Filed on July 20, 2016 ("Opposition"
or "Opp.").  ECF No. 12.  Defendant filed its Reply Memorandum
in Support of its Motion to Dismiss Complaint Filed July 20,
2016 ("Reply") on November 14, 2016.  ECF No. 13.

The Court held a hearing on Defendant's Motion to
Dismiss on November 28, 2016.

## STANDARD

## I.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

Pursuant to Federal Rule of Civil Procedure ("Rule")
12(b)(1), a party may move to dismiss based on a lack of subject
matter jurisdiction.  "[T]he party asserting subject matter
jurisdiction has the burden of proving its existence." Robinson
v. United States, 586 F.3d 683, 685 (9th Cir. 2009) (citation
omitted).  "Failure to exhaust administrative remedies is
properly considered under a 12(b)(1) motion to dismiss where
exhaustion is required by statute." Dettling v. United States,
948 F. Supp. 2d 1116, 1128 (D. Haw. 2013).

## II.  Motion to Dismiss for Failure to State a Claim

Rule 12(b)(6) authorizes the Court to dismiss a
complaint that fails "to state a claim upon which relief can be

granted." Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In resolving a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true.  Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783 (9th Cir. 2012).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).  "In considering a motion to dismiss, the court is not deciding whether a claimant will ultimately prevail but rather whether the claimant is

entitled to offer evidence to support the claims asserted."
Tedder v. Deutsche Bank Nat. Trust Co., 863 F. Supp. 2d 1020,
1030 (D. Haw. 2012) (citing Twombly, 550 U.S. at 563 n.8).

The Court should grant leave to amend unless the
pleading cannot be cured by new factual allegations.  OSU
Student All. v. Ray, 699 F.3d 1053, 1079 (9th Cir. 2012).

Under Rule 12(b)(6), review is generally limited to
the contents of the complaint.  Sprewell v. Golden State
Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v.
Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  However, courts
may "consider certain materials—documents attached to the
complaint, documents incorporated by reference in the complaint,
or matters of judicial notice—without converting the motion to
dismiss into a motion for summary judgment."  United States v.
Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

## DISCUSSION

### I.   Defendant is the County of Maui

Defendant requests that the Court dismiss the Maui
Police Department as a defendant because Hawaii police
departments are not independent legal entities from their
respective counties and thus improper parties to a lawsuit.
Def.'s Mem. in Support of Motion to Dismiss ("Mem."), at 5; see
also Fisher v. Kealoha, 869 F. Supp. 2d 1203, 1214 (D. Haw.
2012) ("Courts in the Ninth Circuit generally have treated

6

police departments as part of a municipality."); Bartolome v. City & Cty. of Honolulu Police Dep't, Civ. No. 06-00176 SOM-LEK, 2007 WL 4179376, at *2 (D. Haw. Nov. 27, 2007) (dismissing claims against the Honolulu Police Department on the basis that it was not an independent legal entity).

In her Opposition, Plaintiff "agrees that the Maui Police Department is not an independent legal entity from the County of Maui." Opp., at 5. Plaintiff maintains that she "did not independently name Maui Police Department" as a defendant. Id. Accordingly, the Court need not dismiss the Maui Police Department. The Court notes that, as agreed to by Plaintiff, the proper Defendant in the instant case is the County of Maui.[1]

## II. Count I: Title VII Discrimination

Defendant argues in the first instance that any sex discrimination claim arising before May 9, 2014 is untimely. Mem., at 7-8. Prior to filing a Title VII claim in federal district court, a plaintiff must exhaust administrative remedies. Sommatino v. United States, 255 F.3d 704, 707 (9th Cir. 2001). In particular, a plaintiff must file a charge with the Equal Employment Opportunity Commission ("EEOC"). Where, as here, a plaintiff has filed a charge with both the EEOC and a

---

[1]    Given the foregoing, the Court need not take judicial notice of Exhibit A to the Trenholme Declaration (Excerpts from the County of Maui Charter).

state or local agency (i.e., the Hawaii Civil Rights
Commission), the charge must be filed "within three hundred days
after the alleged unlawful employment practice occurred."  42
U.S.C. § 2000e-5(e)(1).  "This period is not jurisdictional;
instead, it is a statute of limitations."  Clemmons v. Hawaii
Med. Servs. Ass'n, 836 F. Supp. 2d 1126, 1133 (D. Haw. 2011).
Unlawful employment practices that occurred prior to the 300-day
period are therefore time-barred and cannot serve as the basis
of Plaintiff's claims.  See id. at 1136.

       Here, Plaintiff filed her Charge of Discrimination
with the Hawaii Civil Rights Commission and the EEOC on March 5,
2015.  Trenholme Decl. Ex. B.[2]  Three hundred days before March
5, 2015 is May 9, 2014.  Thus, unlawful employment practices
occurring prior to May 9, 2014 are time-barred.

       On this basis, Defendant argues that Plaintiff's
application for the position of Police Inspector in 2013, Compl.
¶ 15, is time-barred, Mem., at 7.  Plaintiff does not dispute
that such a claim is time-barred and instead maintains that she
is not litigating the 2013 application for employment.  Opp., at
5.  There appearing to be no disagreement, the Court determines

_____

       [2]    The Court takes judicial notice of Plaintiff's EEOC
Charge of Discrimination as a public record from an
administrative body.  See Decampo v. OS Rest. Servs., LLC, Civ.
No. 14-00092 ACK-BMK, 2014 WL 1691628, at *4 (D. Haw. Apr. 29,
2014); Onodera v. Kuhio Motors Inc., Civ. No. 13-00044 DKW-RLP,
2013 WL 4511273, at *2 (D. Haw. Aug. 23, 2013).

that events occurring before May 9, 2014 may not serve as a basis for Plaintiff's claims.

The Court next turns to the substance of Plaintiff's Title VII allegations.  Defendant claims that Plaintiff fails to state a plausible claim for sex discrimination because the Complaint does not contain direct evidence of discrimination and fails to plead facts necessary to prove a disparate treatment claim absent direct evidence.  Mem., at 8-10.  Plaintiff does not directly address Defendant's argument, but contends that she has presented sufficient facts to set forth her claim.  Opp., at 5-6.[3]

As Defendant notes, Plaintiff appears to be asserting a sex discrimination claim based on disparate treatment for her non-selection for a promotion to the Police Inspector position in 2014.  Compl. ¶¶ 22-25.  With respect to a disparate treatment claim, "[t]o establish a violation of Title VII, a plaintiff may offer direct evidence of discrimination." Jinadasa v. Brigham Young Univ.-Hawaii, Civ. No. 14-00441 SOM-BMK, 2015 WL 3407832, at *3 (D. Haw. May 27, 2015) (citing Lyons v. England, 307 F.3d 1092, 1112 (9th Cir. 2002)).  The Ninth Circuit has stated that "[d]irect evidence is evidence 'which,

---

[3]     As noted by Defendant, Reply at 1-2, Plaintiff also incorrectly states the appropriate standard for a 12(b)(6) Motion to Dismiss, ignoring the Iqbal/Twombly holdings and citing to the Twombly dissent. See Opp., at 4.

if believed, proves the fact [of discriminatory animus] without inference or presumption.'" Coghlan v. Am. Seafoods Co. LLC., 413 F.3d 1090, 1095 (9th Cir. 2005) (second alteration in original) (quoting Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1221 (9th Cir. 1998)).  "Direct evidence typically consists of clearly sexist, racist, or similarly discriminatory statements or actions by the employer." Id.  Plaintiff's Complaint does not include factual allegations relating to direct evidence of discrimination for her failure to promote in 2014.

Where direct evidence of discrimination is lacking, "a Title VII plaintiff may prove his case through circumstantial evidence, following the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)." Lyons, 307 F.3d at 1112.  Under the McDonnell Douglas framework, to establish a prima facie case of disparate treatment under Title VII, Plaintiff must demonstrate that: 1) she belongs to a protected class; 2) she was qualified for the position she applied for and performed her job satisfactorily; 3) she suffered an adverse employment decision; and 4) other "similarly situated" employees not belonging to the protected class did not experience similar adverse employment decisions.  Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006) (citing McDonnell, 411 U.S. 792).

10

In Swierkiewicz v. Sorema N.A., the Supreme Court held that "[t]he prima facie case under McDonnell Douglas, . . . is an evidentiary standard, not a pleading requirement."  534 U.S. 506, 510 (2002).  The Supreme Court rejected the Second Circuit's holding that a Title VII complaint requires greater "particularity," and also held, "In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the McDonnell Douglas framework does not apply in every employment discrimination case."  Id. at 511.  The Court pointed out that the plaintiff may be able to produce direct evidence of discrimination, and noted that subsequent discovery might uncover such evidence.  Id. at 511-12.

In Twombly, however, while referencing Swierkiewicz, the Supreme Court held that a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  534 U.S. at 570.  The Supreme Court stated that, "Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id.

Accordingly, the Court concludes that with respect to a Rule 12(b)(6) motion to dismiss a Title VII claim, Plaintiff need not establish a prima facie case.  Nonetheless, the Court may look to the required elements to determine whether Plaintiff

has asserted a plausible claim for relief as required by Iqbal and Twombly.

Defendant does not argue that Plaintiff has failed to plead facts sufficient to support the first three McDonnell Douglas elements and it is clear that the Complaint is sufficient with respect to these three elements.  Indeed, the Complaint includes allegations that Plaintiff belongs to a protected class, that she was qualified for the Police Inspector position and had performed her job duties successfully, and that she failed to receive the promotion.  See Compl. ¶¶ 25, 29-32.

Turning to the fourth McDonnell Douglas factor, Defendant maintains that Plaintiff "failed to establish that there were similarly situated male employees."  Mem., at 8-9. Specifically, Defendant notes that Plaintiff's Complaint states that she held the position of "Lahaina District Commander" when she applied for the Police Inspector position, and that Plaintiff alleges that "Captain" Jakubczak instead was given the position.  Id.  According to Defendant, Plaintiff failed to allege sufficient facts demonstrating that these two positions were similarly situated and that "she and Jakubczak had similar job duties and responsibilities and/or displayed similar conduct."  Id. at 9.

The Court agrees with Defendant.  Employees "are similarly situated when they have similar jobs and display

similar conduct." Vasquez v. Cty. of Los Angeles, 349 F.3d 634, 641 (9th Cir. 2003), as amended (Jan. 2, 2004).  Here, the Complaint is devoid of any facts that Captain Jakubczak and Plaintiff were similarly situated.  Indeed, as noted by Defendant, Plaintiff has failed to allege that the "Captain" and "Lahaina District Commander" roles were similar or that Plaintiff and Captain Jakubczak displayed similar conduct. Moreover, although the Complaint states that Plaintiff had previously held the job of Support Services Bureau-Technical Services Captain, Compl. ¶ 12, the Complaint does not provide any specifics as to how this role compared to Captain Jacubczak's.  While the Complaint alleges that Captain Jakubczak was a "less experienced and less qualified male" who also had "less seniority than Plaintiff," Compl. ¶ 25, it provides no indication that Captain Jacubczak and Plaintiff were in a similar position at the time they applied for the vacant Police Inspector position.

Under these circumstances, the Court finds that Plaintiff has failed to "nudge[] [her] claims across the line from conceivable to plausible." Twombly, 534 U.S. at 570. Accordingly, the Court DISMISSES Count I of the Complaint WITHOUT PREJUDICE and with leave to amend.  See Mahoe v. Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO, Civ. No. 13-00186 HG-BMK, 2013

WL 5447261, at *5 (D. Haw. Sept. 27, 2013) (dismissing disparate treatment claim where the complaint "lack[ed] sufficient information to show that the position of Recording Correspondent Secretary," the position of an employee who did not suffer the adverse employment decision suffered by plaintiff, "was similar to [plaintiff's] position of Treasurer").

The Court notes that Defendant also argues that Plaintiff's Complaint appears to indicate that Captain Jacubczak was hired over Plaintiff because of his friendship with Deputy Chief Rickard and not because of his gender.  Mem., at 9-10 (citing Compl. ¶¶ 21-22).  Defendant is correct that Captain Jacubczak's friendship with Deputy Chief Rickard would not be within the scope of Title VII.  Notwithstanding, Plaintiff may still plausibly allege a claim for sex discrimination if the claim comports with the McDonnell Douglas factors discussed above.  Defendant cites to Nosie v. Association of Flight Attendants - CWA, AFL-CIO to argue that Plaintiff's Title VII claim should be dismissed on this basis.  No. CIV 10-00062 ACK-LEK, 2010 WL 4812744, at *8 (D. Haw. Nov. 18, 2010), aff'd sub nom. Nosie v. Ass'n of Flight Attendants-CWA, 472 F. App'x 802 (9th Cir. 2012).  The Court notes that Nosie involved a discrimination claim under Section 703(c)(1) of Title VII which applies to labor organizations.  Id. at *7.  The test for a prima facie claim of discrimination applied by the Court in

14

Nosie differs from the McDonnell Douglas factors discussed above.

## III. Count II: Violation of the Hawaii Constitution, Article XVI

Defendant argues that the Court lacks subject matter jurisdiction over Count II, Plaintiff's state constitutional claim, because she failed to exhaust her administrative remedies.  Mem., at 11.  Defendant stipulates to dismiss Count II of the Complaint.  Opp., at 7.  Accordingly, Count II of the Complaint is DISMISSED WITH PREJUDICE.[4]

## IV.   Counts III and IV: Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress

Plaintiff's Complaint includes state law claims for NIED and IIED in connection with Defendant's allegedly discriminatory conduct.  Defendant argues that the NIED and IIED claims are barred by the exclusivity provision of Hawaii's Workers' Compensation Law, Hawaii Revised Statues ("HRS") § 386-5.  Mem., at 14-18.  The Court agrees.

HRS Chapter 386 contains Hawaii's Workers' Compensation Law.  Section 386-5, the Law's exclusivity provision, provides:

> The rights and remedies herein granted to an
> employee or the employee's dependents on account

---

[4]   Because Plaintiff has stipulated to the dismissal of Count II, the Court need not take judicial notice of Exhibit C to the Trenholme Declaration (County of Maui Rules of the Civil Service Commission).

> of a work injury suffered by the employee shall
> exclude all other liability of the employer to
> the employee, the employee's legal
> representative, spouse, dependents, next of kin,
> or anyone else entitled to recover damages from
> the employer, at common law or otherwise, on
> account of the injury, except for sexual
> harassment or sexual assault and infliction of
> emotional distress or invasion of privacy related
> thereto, in which case a civil action may also be
> brought.

The Hawaii Supreme Court has held that in general, "the workers' compensation scheme serves to bar a civil action for physical and emotional damages resulting from work-related injuries and accidents." Nelson v. Univ. of Hawaii, 38 P.3d 95, 112 (Haw. 2001).

Pursuant to HRS § 386-5, courts applying Hawaii law have rejected employees' NIED claims where, as here, they are not tied to claims of sexual harassment or sexual assault. See, e.g., Kittleson v. Sears, Roebuck & Co., Civ. No. 10-00106 DAE-BMK, 2010 WL 2485935, at *6 (D. Haw. June 15, 2010) ("Moreover, the Court finds that workers['] compensation is the exclusive remedy for negligent infliction of emotional distress claims by employees."); Pfeffer v. Hilton Grand Vacations Co., LLC, Civ. No. 07-00492 DAE-BAK, 2009 WL 37519, at *14 (D. Haw. Jan. 7, 2009) (granting summary judgment on employee's NIED claim based on the exclusivity provision); Luzon v. Atlas Ins. Agency, Inc., 284 F. Supp. 2d 1261, 1263-64 (D. Haw. 2003) ("Under Hawaii law, claims for negligent infliction of emotional distress are barred

by Haw. Rev. Stat. § 386-5, unless the claims relate to sexual harassment or assault").

Courts have similarly determined that IIED claims arising out of employment discrimination are barred by HRS § 386-5.  In Yang v. Abercrombie & Fitch Stores, the Hawaii Intermediate Court of Appeals ("ICA") held that the exclusivity provision of Hawaii's Workers' Compensation Law bars IIED claims that do not relate to sexual harassment or sexual assault.  284 P.3d 946, 950, 955-56 (Haw. Ct. App. 2012).  The Ninth Circuit has also ruled that an IIED claim related to employment discrimination is barred by the exclusivity provision.  See Courtney v. Canyon Television & Appliance Rental, Inc., 899 F.2d 845, 851 (9th Cir. 1990).

Courts in this district, including this Court, have reached the same determination, holding that IIED claims not based on sexual harassment or sexual assault are barred by Hawaii's Worker's Compensation Law.  See, e.g., Kuehu v. United Airlines, Inc., Civ. No. 16-00216 ACK-KJM, 2016 WL 4445743, at *8 (D. Haw. Aug. 23, 2016); Souza v. Silva, Civ. No. 12-00462 HG-BMK, 2014 WL 2452579, at *16 (D. Haw. May 30, 2014); Chang v. Straub Clinic & Hosp., Inc., Civ. No. 12-00617 DKW-RLP, 2014 WL 47947, at *9 (D. Haw. Jan. 7, 2014), reconsideration denied, Civ. No. 12-00617 DKW, 2014 WL 712613 (D. Haw. Feb. 21, 2014). This district court also recently made clear that the

17

exclusivity provision's exception for sexual harassment or sexual assault does not encompass all claims of sexual discrimination, holding that "for purposes of section 386-5, a sexual discrimination claim [for IIED] that does not involve 'sexual harassment or sexual assault' is barred by Hawaii's workers' compensation exclusivity provision." Jinadasa, 2016 WL 355470, at *12.

Here, because Plaintiff's discrimination claims do not involve sexual harassment or sexual assault, her NIED and IIED claims are barred by HRS § 386-5.  Plaintiff "agrees that the stand-alone state law claims of negligent and intentional infliction of emotional distress" are barred by HRS § 386-5. Opp., at 9.  However, Plaintiff maintains that she may still pursue emotional distress damages under Title VII.  Id. Confusingly, while Plaintiff agrees that the state claims are barred, she also argues that they should not be dismissed.  Id. Plaintiff, however, appeared to retreat from this position at the hearing, indicating agreement that the state law claims should be dismissed.

Plaintiff is correct that the exclusivity provision does not bar her from pursuing emotional distress damages pursuant to her Title VII claim.  See 42 U.S.C. § 1981a(a)(1) (providing for compensatory damages in intentional discrimination employment cases).  As this district court

determined in Jinadasa, dismissing an IIED claim based on HRS § 386-5 "in no way bars [Plaintiff] from seeking emotional distress damages" as part of other claims.  2016 WL 355470, at *12.  Defendant has not argued otherwise (although Defendant separately argues that the Title VII claim should be dismissed). Although emotional distress damages may be available to Plaintiff pursuant to her Title VII claim (if Plaintiff properly amends her Title VII claim), her claims for NIED and IIED are nonetheless barred under HRS § 386-5.  Accordingly, the Court DISMISSES Counts III and IV of Plaintiff's Complaint WITH PREJUDICE.

The Court notes that even if the NIED and IIED claims were not so barred, Plaintiff's factual allegations are insufficient to support these claims.  With respect to Plaintiff's NIED claim, this district court has previously recognized that in Hawaii, "recovery for negligent infliction of emotional distress by one not physically injured is generally permitted only when there is 'some physical injury to property or [another] person' resulting from the defendant's conduct." Soone v. Kyo-Ya Co., 353 F. Supp. 2d 1107, 1118 (D. Haw. 2005) (alteration in original) (quoting John & Jane Roes, 1-100 v. FHP, Inc., 985 P.2d 661, 665 (Haw. 1999)).  Here, Plaintiff has not alleged physical injury to herself, to anyone else, or to property.

The Hawaii Supreme Court has made exceptions to the above requirement in cases presenting "unique circumstances" including exposure to HIV-positive blood and mishandling of corpses. Doe Parents No. 1 v. State, Dep't of Educ., 58 P.3d 545, 581 (Haw. 2002), as amended (Dec. 5, 2002). "The exceptions have stemmed from the reasonableness standard articulated in Rodrigues [v. State, 472 P.2d 509 (Haw. 1970)]— i.e., where a reasonable man, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." Soone, 353 F. Supp. 2d at 1118. This district court has previously determined that loss of employment, while stressful, does not fall into this exception. Id.; see also Lee v. Hawaii Pac. Univ., Civ. No. 12-00604 BMK, 2014 WL 794661, at *10 (D. Haw. Feb. 26, 2014). Here, Plaintiff's discrimination claims stem from Defendant's alleged failure to promote her. The Court finds that although failure to promote may also result in stress, as with loss of employment, it fails to meet the reasonableness standard articulated above. Accordingly, Plaintiff's NIED claim is insufficient.

With respect to Plaintiff's IIED claim, to prove IIED in Hawaii, a plaintiff must show "1) that the act allegedly causing the harm was intentional or reckless, 2) that the act was outrageous, and 3) that the act caused 4) extreme emotional

distress to another." <u>Hac v. Univ. of Haw.</u>, 73 P.3d 46, 60-61
(Haw. 2003).  "The term 'outrageous' has been construed to mean
'without just cause or excuse and beyond all bounds of
decency.'" <u>Enoka v. AIG Hawaii Ins. Co.</u>, 128 P.3d 850, 872
(Haw. 2006) (quoting <u>Lee v. Aiu</u>, 936 P.2d 655, 670 n. 12 (Haw.
1997)), <u>as corrected</u> (Feb. 28, 2006).  Here, the conduct alleged
by Plaintiff is insufficient to meet this standard.  <u>See</u>
<u>Jinadasa</u>, 2016 WL 355470, at *13 (noting that plaintiff's
discrimination-related claims failed to "describe sufficiently
outrageous conduct justifying an intentional infliction of
emotional distress claim, which may only be established in cases
involving particularly extreme conduct").

**V.   Punitive Damages**

Plaintiff's Complaint requests an award of punitive
damages.  Compl. ¶ 48(d).  Defendant argues Plaintiff cannot
recover punitive damages against the County of Maui.  Mem., at
21.  Plaintiff does not address Defendant's arguments in her
Opposition.

As Defendant points out, Title VII precludes an award
of punitive damages against Defendant.  Pursuant to 42 U.S.C.
§ 1981a(b)(1), which applies to Title VII claims,

> A complaining party may recover punitive damages
> under this section against a respondent **(other
> than a government, government agency or political
> subdivision)** if the complaining party
> demonstrates that the respondent engaged in a

21

> discriminatory practice or discriminatory
> practices with malice or with reckless
> indifference to the federally protected rights of
> an aggrieved individual.

(Emphasis added).  Here, because Defendant is a "government,

government agency, or political subdivision," punitive damages

are not available.  See Kaulia v. Cty. of Maui, Civ. No. 05-

00290 JMS-LEK, 2006 WL 4660130, at *6-7 (D. Haw. May 24, 2006)

(noting punitive damages not available to a municipality under

Title VII); Mayfield v. Cty. of Merced, No. CV F 13-1619 LJO

BAM, 2014 WL 2574791, at *17 (E.D. Cal. June 9, 2014) (citing 42

U.S.C. § 1981a(b)(1) and noting "Title VII specifically exempts

public entities from punitive damages"), report and

recommendation adopted, No. 1:13-CV-1619 LJO-BAM, 2014 WL

3401177 (E.D. Cal. July 10, 2014).

Since Plaintiff's only claim not subject to dismissal

with prejudice is her Title VII claim, the Court HOLDS that

Plaintiff may not seek punitive damages against Defendant in any

amended complaint filed pursuant to this Order.  The Court also

notes, however, that punitive damages are not available under

Hawaii law against municipalities as a matter of public policy.

See Roberts v. City & Cty. of Honolulu, No. CV 07-00391 DAE-KSC,

2008 WL 563475, at *8 (D. Haw. Mar. 3, 2008); Lauer v. Young

Men's Christian Ass'n, 57 P.2d 1334, 1342 (Haw. 1976).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss Complaint Filed on July 20, 2016. The Court DISMISSES WITHOUT PREJUDICE Count I (Title VII Discrimination) of Plaintiff's Complaint.  The Court DISMISSES WITH PREJUDICE Count II (Violation of the Hawaii Constitution, Article XVI), Count III (NIED), and Count IV (IIED) of Plaintiff's Complaint.  The Court additionally HOLDS that events occurring before May 9, 2014 may not serve as a basis for Plaintiff's claims of discrimination and HOLDS that Plaintiff may not seek punitive damages from Defendant.  Finally, the Court notes that the Maui Police Department is not a defendant independent from the County of Maui in the instant case.

Plaintiff must file any amended complaint within thirty days of the entry of this Order or else judgment will be entered against her and this action will be closed.  Any amended complaint must correct the deficiencies noted in this Order or Plaintiff's claims may be dismissed with prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 29, 2016.



_____
Alan C. Kay
Sr. United States District Judge


<u>Klingman v. County of Maui, Maui Police Department</u>, Civ. No. 16-00399 ACK-RLP
Order Granting Defendant County of Maui, Maui Police Department's Motion to
Dismiss Complaint Filed on July 20, 2016